■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR WOODARD, Appellant, v CARL D. BERRY, as Superintendent of Woodbourne Correctional Facility, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (Hanofee, J.), entered November 19, 1987 in Sullivan County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

In December 1983 petitioner was sentenced to an indeterminate prison term of 7½ to 15 years following his conviction of, inter alia, burglary in the second degree. The judgment of conviction was affirmed on appeal (People v Woodard, 112 AD2d 454, lv denied 66 NY2d 769). Petitioner initiated this habeas corpus proceeding claiming that (1) the underlying indictment was jurisdictionally invalid, (2) the trial court acted without jurisdiction, (3) his parole on a previous 1977 conviction was improperly revoked, and (4) interference with correctional identification records exposed him to double jeop-

ardy. Supreme Court dismissed the petition, giving rise to this appeal.

We affirm. The extraordinary writ of habeas corpus is not generally available to raise issues which could have been advanced on direct appeal or pursuant to CPL article 440 *(see, People ex rel. Rosado v Miles,* 138 AD2d 808). Petitioner's main thesis is that he was never arraigned on an alleged superseding felony complaint which formed the basis for the indictment, and that his conviction was rendered in a local criminal court. Beyond the fact that these jurisdictional challenges could readily have been made on direct appeal or in a CPL article 440 proceeding, neither has any merit. The record confirms that petitioner was arraigned on the single felony complaint filed by the arresting officer, which formed the basis for his indictment and the ensuing conviction. Additionally, the proceedings underlying petitioner's conviction occurred in Supreme Court, Kings County. Consequently, we perceive no basis for departing from traditional orderly procedure *(see, People ex rel. Keitt v McMann,* 18 NY2d 257, 262; *People ex rel. Milwood v Kuhlmann,* 136 AD2d 784, 785, *lv denied* 72 NY2d 802). We further observe that the issues pertaining to petitioner's parole revocation have been rendered moot by the expiration of the 1977 sentence, particularly since petitioner remains incarcerated on the subject conviction *(see, People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391, 398; *People ex rel. Knox v Kelly,* 70 NY2d 870). Finally, we fully agree with Supreme Court that the assignment of an incorrect identification number to petitioner, since corrected by prison officials, has no double jeopardy implications.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.