■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHANIEL GRADY, Appellant, v EUGENE LeFEVRE, as Superintendent of Clinton Correctional Facility, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered January 6, 1989 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner instituted this proceeding following the dismissal of his Federal habeas corpus proceeding for failure to provide this State's courts with an opportunity to pass on the Federal constitutional issues raised in his Federal habeas corpus petition. This court has consistently held that the extraordinary writ of habeas corpus is not generally available to raise issues which could have been advanced on direct appeal or pursuant to CPL article 440 *(see, e.g., People ex rel. Woodard v Berry,* 143 AD2d 457, *lv denied* 73 NY2d 705; *People ex rel. Milwood v Kuhlmann,* 136 AD2d 784, *lv denied* 72 NY2d 802). An exception to this rule exists where "practicality and necessity" dictate a departure from "traditional orderly proceedings" *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262), but the circumstances of this case do not fall within the exception.

Following his conviction after a jury trial in Supreme Court, Bronx County, of rape, sodomy and sexual abuse crimes, petitioner appealed to the Appellate Division, First Department. In a lengthy brief on appeal, petitioner raised a number of issues, including claims concerning the identification process and Supreme Court's decision to permit several young children to testify as sworn witnesses. The First Department affirmed, without opinion *(People v Grady,* 125 AD2d 1011), and petitioner's application for leave to appeal to the Court of Appeals was denied (69 NY2d 880). Thereafter, petitioner sought a writ of habeas corpus in United States District Court, contending that (1) the identification procedures used before and during trial deprived him of due process, (2) the acceptance of sworn testimony from the young children effectively

deprived petitioner of the right to cross-examine adverse witnesses, and (3) the use of an expert witness to bolster the children's testimony also deprived him of the right to confront his accusers. The United States Court of Appeals for the Second Circuit ultimately concluded that petitioner had not exhausted his State court remedies since he had not phrased his arguments on appeal in terms of the Federal rights allegedly violated *(Grady v LeFevre,* 846 F2d 862).

We are of the view that petitioner's State and Federal claims are so intertwined that he could not succeed on the Federal claims without also succeeding on the State claims which were raised and decided against him in State court.* Accordingly, habeas corpus is not an appropriate remedy, and Supreme Court's judgment denying the petition should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.

(July 20, 1989)

---

* Although petitioner did not assert that the expert testimony referred to in his Federal claim was itself a ground for reversal in State court, he did include a claim that the expert testimony constituted improper bolstering in the context of another of his State court claims.