■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR WOODARD, Appellant, v CARL D. BERRY, as Superintendent of Woodbourne Correctional Facility, et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Hanofee, J.), entered July 17, 1989 in Sullivan County, which

dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

In 1977, petitioner, now an inmate at Woodbourne Correctional Facility in Sullivan County, was convicted of robbery in the first degree and sentenced to a prison term of 2 to 8 years. Petitioner was released on parole on December 1, 1980, but his parole was revoked following a final revocation hearing conducted on January 13, 1983. Petitioner was subsequently convicted in December 1983 of, *inter alia,* burglary in the second degree and sentenced as a second felony offender to a prison term of 7½ to 15 years. Petitioner initiated this habeas corpus proceeding upon the grounds that (1) his final parole revocation hearing was improperly adjourned from December 2, 1982 to January 13, 1983 and that, as a result, the State Board of Parole impermissibly failed to provide him with a final parole hearing within 90 days of the preliminary hearing, and (2) he is being illegally detained following the expiration of the sentence imposed in 1977. Supreme Court dismissed the application, giving rise to this appeal.

We affirm. Petitioner concedes that the present challenge to the parole revocation proceedings was raised and rejected in a 1983 habeas corpus proceeding initiated in Queens County. While we recognize that res judicata principles do not bar successive petitions for a writ of habeas corpus on the same ground *(see,* CPLR 7003 [b]), orderly administration would require, at least, a showing of changed circumstances *(see, People ex rel. Glendening v Glendening,* 259 App Div 384, 387, *affd* 284 NY 598). No such showing has been made here. Moreover, the issues concerning petitioner's parole revocation have been rendered moot by the expiration of the 1977 sentence *(see, People ex rel. Woodard v Berry,* 143 AD2d 457, 458, *lv denied* 73 NY2d 705). Finally, because petitioner is properly held as a result of the sentence imposed in December 1983, habeas corpus does not lie *(see, People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391, 398).

Judgment affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.