■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICARDO LAMBERTY, Appellant, v ROBERT H. KUHLMANN, as Superintendent of Sullivan Correctional Facility, et al., Respondents.— Mercure, J. Appeal from a judgment of the Supreme Court (Lewis, J.), entered November 16, 1989 in Clinton County, which, *inter alia,* dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70.

On October 9, 1986, petitioner was convicted after trial in Supreme Court, Bronx County, of multiple counts of rape in the first degree, sodomy in the first degree and attempted rape in the first degree and sentenced to prison terms aggregating 10 to 20 years. On appeal, the First Department affirmed the judgment of conviction without opinion *(People v Lamberty,* 141 AD2d 349, *lv denied* 73 NY2d 787). In November 1988, at a time when petitioner was confined at Sullivan Correctional Facility in Sullivan County, he made application for a writ of habeas corpus, alleging errors in the prior criminal proceeding, including the propriety of the Grand Jury proceedings and the sentence, the adequacy of counsel, the competence of trial witnesses and the admissibility of evidence. On November 23, 1988, Supreme Court (Hanofee, J.) issued a writ of habeas corpus, but, prior to determination thereof, petitioner was transferred first to Auburn Correctional Facility in Cayuga County and then to Clinton Correctional Facility in Clinton County. Upon transfer of this proceeding to Clinton County, Supreme Court dismissed the writ of habeas corpus and related proceedings subsequently commenced by petitioner. Petitioner now appeals.

We affirm. The issues raised in the proceedings either were or could have been raised upon direct appeal from petitioner's judgment of conviction or in a motion pursuant to CPL article 440. Accordingly, habeas corpus is not an appropriate remedy *(see, People ex rel. Grady v LeFevre,* 152 AD2d 850, *lv denied*

75 NY2d 702; *People ex rel. Milwood v Kuhlmann,* 136 AD2d 784, *lv denied* 72 NY2d 802). The facts alleged by petitioner do not provide a basis for departing from traditional orderly procedure *(see, People ex rel. Keitt v McMann,* 18 NY2d 257). We have considered petitioner's remaining contentions and find them to be without merit.

Judgment affirmed, without costs. Casey, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.