■ In the Matter of VICTOR WOODARD, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered March 6, 1990 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination assigning petitioner an inmate identification number.

Petitioner sought an order directing respondent to expunge his present inmate identification number from his record, to expunge his current sentence computation to the extent a December 1983 sentence of 7½ to 15 years' imprisonment was imposed, and to recalculate his sentence without reference to the 1983 sentence. His basis for the relief sought is his allegation that he had been illegally assigned an erroneous inmate identification number. Supreme Court held both that the claim was meritless and that it was barred by res judicata. This appeal ensued.

Briefly stated, the facts are that petitioner was sentenced on May 13, 1977 to a term of 2 to 8 years on a robbery conviction and on October 7, 1977 to a concurrent sentence of 0 to 4 years for a burglary conviction. He was released on parole on December 8, 1980 and returned to custody on September 3, 1983 for parole violation. On December 3, 1983, he received another sentence of 7½ to 15 years for a burglary conviction, consecutive to the undischarged portion of his May 13, 1977 sentence. The essence of petitioner's claim is that his original 1977 inmate identification number was improperly reassigned to him after he was returned to custody as a parole violator. A different number had been erroneously assigned and the error corrected by reinstating the original number.

The judgment must be affirmed. On November 17, 1987, petitioner's application for a writ of habeas corpus was, as in the instant case, based upon the reassignment of his 1977 inmate identification number. This contention was rejected by Supreme Court and affirmed by this court *(People ex rel. Woodard v Berry,* 143 AD2d 457, *lv denied* 73 NY2d 705). That final judgment remains valid and bars subsequent litigation by the same parties on the same cause of action *(see, Boronow v Boronow,* 71 NY2d 284, 290; *see also, Smith v Russell Sage Coll.,* 54 NY2d 185, 192; *Matter of Reilly v Reid,* 45 NY2d 24, 27).* In any event, were we to reach the merits of petitioner's

claim, the result would be no different for a prisoner's confinement is determined by the contents of the commitment papers that accompany him *(Middleton v State of New York,* 54 AD2d 450, *affd* 43 NY2d 678). Any error in petitioner's identification number would be of no moment.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.