■ In the Matter of Victor Woodard, Appellant, v New York State Board of Parole, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered July 3, 1990 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as, *inter alia,* time barred.

Petitioner has again challenged the legality of the final revocation of his December 1, 1980 release on parole from a 2 to 8-year prison sentence imposed May 13, 1977 upon his conviction for first degree robbery.* On September 5, 1982, he had been arrested while on parole on new charges of first degree burglary, fourth degree possession of burglar's tools, criminal mischief and third degree possession of stolen property. A parole detainer warrant was lodged on September 20, 1982 and probable cause was found at a preliminary parole revocation hearing on September 29, 1982. A final parole revocation hearing completed January 13, 1983 resulted in revocation of petitioner's parole. His administrative appeal from the parole revocation was denied on September 9, 1983. Petitioner was sentenced on December 8, 1983 to a term of 7½ to 15 years upon his conviction on the first degree burglary charge for which he was arrested on September 5, 1982 and which precipitated the parole revocation proceeding. He also received concurrent terms of one year each on the convictions

---

* Petitioner was also serving a concurrent sentence of 0 to 4 years imposed October 7, 1977 for a conviction of third degree burglary.

for petit larceny, criminal mischief and possession of burglar's tools. The conviction on those four charges was affirmed on appeal *(People v Woodard,* 112 AD2d 454, *lv denied* 66 NY2d 769).

In the instant CPLR article 78 proceeding, petitioner has again challenged the legality of the parole revocation proceeding. His previous challenges to this same revocation have twice been rejected by this court *(People ex rel. Woodard v Berry,* 163 AD2d 759, *lv denied* 76 NY2d 712; *People ex rel. Woodard v Berry,* 143 AD2d 457, *lv denied* 73 NY2d 705). Additional challenges were rejected in prior Supreme Court proceedings *(Matter of Woodard v New York State Div. of Parole,* Sup Ct, Albany County, Oct. 19, 1989, Connor, J.; *People ex rel. Woodard v New York State Bd. of Parole,* Sup Ct, Queens County, Aug. 11, 1983, Kellam, J.).

This proceeding represents the fifth challenge petitioner has made to his parole revocation; this time he alleges that his arrest, indictment and conviction in 1982 were all jurisdictionally defective, therefore invalidating the parole revocation proceeding. Supreme Court dismissed the petition on the ground it was barred by collateral estoppel, res judicata and the Statute of Limitations. This appeal followed.

In petitioner's earlier appeals *(People ex rel. Woodard v Berry,* 163 AD2d 759, *supra; People ex rel. Woodard v Berry,* 143 AD2d 457, *supra),* this court rejected the challenges to the parole revocation because they had been rendered moot by the expiration of the underlying 1977 sentence. Moreover, the instant proceeding has been rendered untimely by the passage of many years since the final revocation decision. Nevertheless, petitioner persists upon taxing the judicial system with multiple proceedings each lacking substantive merit. We therefore affirm Supreme Court's judgment and admonish petitioner that future litigation based upon the subject parole revocation proceeding could result in the imposition of sanctions *(see,* 22 NYCRR 130-1.1 [c] [1]).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.