■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMIE PATTERSON, Appellant, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court (Lewis, J.), entered August 17, 1990 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner commenced this habeas corpus proceeding seeking his release from prison on the ground that the indictment underlying his murder convictions was defective. Habeas corpus is not a proper remedy where the allegations in the petition could have been raised either in a CPL article 440 motion or on direct appeal *(see, People ex rel. Woodard v Berry,* 143 AD2d 457, 458, *lv denied* 73 NY2d 705; *People ex rel. Rosado v Miles,* 138 AD2d 808). Petitioner not only admits in his brief that the error he now raises was not raised on his direct appeal, but he fails to give any reason why he did not

do so *(see, People ex rel. Barnes v Smith,* 70 AD2d 764). In addition, the allegations in his petition do not warrant a departure from traditional orderly procedure *(see, People ex rel. Grady v LeFevre,* 152 AD2d 850, *lv denied* 75 NY2d 702). In any event, inasmuch as petitioner is only challenging his murder convictions and not any other conviction arising under the same indictment for which he is also imprisoned, he is not entitled to immediate release; therefore, habeas corpus is not an appropriate remedy *(see, People ex rel. Stewart v People,* 143 AD2d 1068, 1069).

Mahoney, P. J., Casey, Mikoll, Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.