■ In the Matter of RAMKEN MILLER, Respondent, v JOSEPH GLASHEEN, as Warden of Westchester County Jail, et al., Appellants. [598 NYS2d 991] —In a habeas corpus proceeding, Joseph Glasheen, Warden of the Westchester County Jail and the People of the State of New York, appeal from (1) a

judgment of the Supreme Court, Westchester County (West, J.), entered June 12, 1990, which, *inter alia*, granted the writ and vacated the petitioner's parole violation warrant, and (2) so much of an order of the same court, entered December 21, 1990, as, upon granting reargument, adhered to the original determination.

Ordered that the appeals are dismissed as academic, without costs or disbursements.

Because the petitioner's maximum sentence exposure, even including added time for a violation of parole, has expired following his release and during the pendency of these appeals, these appeals are academic and should be dismissed *(see, People ex rel. Brown v New York State Bd. of Parole,* 139 AD2d 548, 550; *Matter of Tremarco v New York State Bd. of Parole,* 58 NY2d 968; *Matter of Woodard v New York State Bd. of Parole,* 172 AD2d 890; *People ex rel. Turnipseed v LeFevre,* 54 AD2d 939). Contrary to the appellants' contentions, on the record before us we are not persuaded that this case presents substantial and novel issues that would typically evade review *(cf., People ex rel. Brown v New York State Bd. of Parole, supra).* The issues presented in this case are comparatively unique and fact-specific and have not been pleaded with clarity. Thus, a declaratory judgment is unwarranted. Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.