■ In the Matter of JOSEPH M. DUNHAM, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [625 NYS2d 83] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole, dated September 13, 1991, which, after a hearing, revoked the petitioner's parole, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County

(Pagones, J.), entered June 8, 1993, which, *inter alia,* upon granting the respondent's motion to dismiss the proceeding, dismissed the proceeding. The appeal brings up for review so much of an order of the same court, entered August 13, 1993, as, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order and judgment entered June 8, 1993, is dismissed, without costs or disbursements, since that order was superseded by the order entered August 13, 1993; and it is further,

Ordered that the appeal from the order entered August 13, 1993, is dismissed as academic, without costs or disbursements.

In 1969, the petitioner was sentenced to a maximum term of imprisonment of 25 years for crimes that he had committed. He was paroled in April 1978. On September 13, 1991, the New York State Board of Parole (hereinafter the Board of Parole) revoked the petitioner's parole because of his conviction of a crime in the State of Arizona. The petitioner would not be eligible for parole again for another 18 months.

The petitioner commenced the present CPLR article 78 proceeding to review the determination revoking his parole. The proceeding was dismissed by the Supreme Court, Dutchess County, on June 8, 1993. The petitioner then moved for reargument and, upon reargument, the court adhered to its original determination. The petitioner appeals from the dismissal of the present CPLR article 78 proceeding.

On November 18, 1993, the petitioner was convicted by the County Court, Dutchess County, of attempted robbery in the third degree and sentenced to a term of imprisonment of 14 to 42 months. On November 30, 1993, the Board of Parole issued a notice of final declaration of delinquency to the petitioner.

The petitioner's appeal is academic because the maximum term of imprisonment for his 1969 conviction has expired *(see, Matter of Woodard v New York State Bd. of Parole,* 172 AD2d 890, 891; *People ex rel. Brown v New York State Bd. of Parole,* 139 AD2d 548, 550). The petitioner is no longer imprisoned pursuant to the revocation of parole at issue in this case. Rather, he is in prison pursuant to his subsequent, unrelated conviction. In any event, were we to reach the merits of this case, we would affirm it since the determination of the Board of Parole was made in accordance with the law *(see,* Executive Law § 259-i [5]; *Matter of Hall v New York State Executive Dept.,* 188 AD2d 791; *Matter of Rock v New York State Bd. of*

*Parole,* 124 AD2d 804). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.