Matter of Marxuach v New York State Dept. of Corr. & Community Supervision (2023 NY Slip Op 01511)

Matter of Marxuach v New York State Dept. of Corr. & Community Supervision

2023 NY Slip Op 01511

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-07541
 (Index No. 504/17)

[*1]In the Matter of Francisco Marxuach, appellant,
v
New York State Department of Corrections and Community Supervision, et al., respondents.

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Stephen J. Yanni of counsel), for respondents.

DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated September 1, 2020. The order, insofar as appealed from, denied that branch of the petitioner's motion which was for his immediate release to the community under applicable conditions of postrelease supervision.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In this habeas corpus proceeding, the petitioner, who had been convicted in 2015 of, inter alia, attempted burglary in the second degree as a sexually motivated felony, moved, among other things, for his immediate release from a residential treatment center at which he was being housed after the expiration of his determinate prison term, due to his inability to find housing compliant with the Sexual Assault Reform Act (hereinafter SARA) (see Executive Law § 259-c[14]). By order dated September 1, 2020, the Supreme Court, inter alia, denied that branch of the petitioner's motion. The petitioner appeals. During the pendency of the appeal, the petitioner was released from the residential treatment center.
"[A]n appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090). "An exception to the mootness doctrine may apply . . . where the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (id. at 1090; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).
Here, since the petitioner received the ultimate relief he was seeking, this appeal is academic (see People ex rel. Smith v Fields, 189 AD3d 866; Matter of Aguilera v Annucci, 167 AD3d 1000, 1001). Furthermore, an exception to the mootness doctrine is not warranted. The issues raised by the petitioner, which concern the respondents' determination that certain housing proposed by him was not SARA-compliant and the efforts made by the respondents to assist the petitioner in locating such housing, are fact specific. Thus, these issues are not likely to recur, and are not substantial and novel (see Berger v Prospect Park Residence, LLC, 166 AD3d 937, 939).
Accordingly, we dismiss the appeal.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court