Matter of Thompson v State of New York Off. of Ct. Admin. (2025 NY Slip Op 00873)

Matter of Thompson v State of New York Off. of Ct. Admin.

2025 NY Slip Op 00873

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-02326
 (Index No. 510995/22)

[*1]In the Matter of Harriet L. Thompson, etc., petitioner- respondent, 
v
State of New York Office of Court Administration, et al., appellants, et al., respondent.

David Nocenti, New York, NY (Pedro Morales of counsel), for appellants.
Valli Kane & Vagnini LLP, Garden City, NY (Matthew L. Berman of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Chief Administrative Judge of the Courts, dated December 17, 2021, the appeal is from a judgment of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated December 19, 2022. The judgment, insofar as appealed from, granted that branch of the petition which was to annul so much of the determination, dated December 17, 2021, as directed the petitioner to surrender all keys, access cards, and other means of entry to the courts and facilities of the New York State Unified Court System, as well as any computer or equipment provided thereby within her custody or control.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In May 2022, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Chief Administrative Judge of the Courts, dated December 17, 2021, which, among other things, directed the petitioner, at the time a judge of the Surrogate's Court, Kings County, to surrender all keys, access cards, and other means of entry to the courts and facilities of the New York State Unified Court System (hereinafter the UCS), as well as any computer or equipment provided thereby within her custody or control (hereinafter the determination). In a judgment, dated December 19, 2022, the Supreme Court, inter alia, granted that branch of the petition which was to annul that portion of the determination. The State of New York Office of Court Administration, Lawrence K. Marks, and Deborah Kaplan (hereinafter collectively the appellants) appeal.
As an initial matter, under the circumstances of this case and with the consent of the parties given their arguments on appeal, we take judicial notice of the petitioner's resignation from office, which is publicly available on the website of the Commission of Judicial Conduct (see Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d 922, 923; Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 126).
"[A]n appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090; see Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 214 AD3d 873, 874). In view of the changed circumstances of this case, we find that the petitioner's resignation from her position [*2]as a judge of the Surrogate's Court, Kings County, has rendered this appeal academic (see Matter of Neale v Cohen, 281 AD2d 421, 422).
Contrary to the appellants' contention, an exception to the mootness doctrine does not apply to these facts (see Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 214 AD3d at 874; Matter of Village of S. Blooming Grove v Village of Kiryas Joel Bd. of Trustees, 175 AD3d 1413, 1415). As set forth in the record, the directive to the petitioner in the determination to surrender all keys, access cards, and other means of entry to the courts and facilities of the UCS, as well as any computer or equipment provided thereby within her custody or control, arose out of an investigation by the UCS Office of the Inspector General that substantiated serious allegations of misconduct by the petitioner. Since the bases for the determination are specific to the facts of this case, we determine that the issue is not one that is capable of repetition (see Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 214 AD3d at 874; Matter of Miller v Glasheen, 193 AD2d 747, 748). Moreover, there is no evidence to support the appellants' contention that the issue is one that will typically evade review in the future (see Berger v Prospect Park Residence, LLC, 166 AD3d 937, 939; Matter of Bruenn v Town Bd. of Town of Kent, 145 AD3d 878, 880).
Accordingly, we dismiss the appeal as academic.
DUFFY, J.P., WOOTEN, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court