Matter of Smith v Annucci (2025 NY Slip Op 06327)

Matter of Smith v Annucci

2025 NY Slip Op 06327

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-10574
 (Index No. 260/21)

[*1]In the Matter of Jory Smith, appellant,
v
Anthony J. Annucci, etc., respondent.

Jory Smith, New York, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Philip J. Levitz and Anagha Sundararajan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, Anthony J. Annucci, Commissioner of the New York State Department of Corrections and Community Supervision, inter alia, to release the petitioner from Fishkill Correctional Facility, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Denise M. Watson, J.), dated September 21, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the appeal is dismissed, without costs or disbursements.
The petitioner, a designated sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), completed his maximum term of imprisonment and was released to a residential treatment facility, Fishkill Correctional Facility (hereinafter Fishkill), due to his inability to locate housing that complied with the Sexual Assault Reform Act (Executive Law § 259-c[14]). The petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, inter alia, to release him from Fishkill. In a judgment dated September 21, 2022, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals. During the pendency of the appeal, the petitioner was released from Fishkill.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries. Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequence to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [citation omitted]; see Matter of Hearst Corp. v Clyne, 50 NY2d at 714). "An exception to the mootness doctrine may apply, however, where the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (Coleman v Daines, 19 NY3d at 1090).
Here, since the petitioner received the ultimate relief he was seeking, this appeal is academic (see Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 214 AD3d 873, 874; Matter of Aguilera v Annucci, 167 AD3d 1000, 1001). Moreover, as the issues [*2]raised are not substantial and novel ones that are likely to recur and typically will evade review, an exception to the mootness doctrine is not warranted (see Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 214 AD3d at 874; Matter of Aguilera v Annucci, 167 AD3d at 1001).
Accordingly, we dismiss the appeal.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court