■ In the Matter of DEAN YOUNG, Respondent. JACOBI MEDICAL CENTER, Appellant. [1 NYS3d 67]—

Appeal from order, Supreme Court, Bronx County (Fernando Tapia, J.), entered July 31, 2014, which, insofar as appealed from, denied petitioner's application for the continued retention of respondent under Mental Hygiene Law § 9.39 (a), unanimously dismissed, without costs, as moot.

Respondent was involuntarily admitted as a psychiatric patient to petitioner Jacobi Medical Center on July 23, 2014. Jacobi thereafter filed an application pursuant to Mental Hygiene Law § 9.39 for authorization to retain respondent at the hospital, which respondent opposed. After a hearing, the court found that respondent was suffering from a mental illness, but granted his request to be released from the hospital, finding that inpatient care and treatment were not essential to respondent's welfare. We granted a stay of that order pending appeal.

At oral argument, we were advised that respondent had been released from petitioner hospital a few days prior to argument. However, the parties asked that the matter be heard on the merits pursuant to an exception to the mootness doctrine, since the issue of respondent's condition and potential involuntary commitment is likely to arise again.

"Typically, the doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (*Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172 [2002]). Respondent's release from the hospital terminated the controversy represented by this appeal. Contrary to respondent's contention, this is not the type of case that would warrant an invocation of the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Concur—Sweeny, J.P., Andrias, Saxe, DeGrasse and Gische, JJ.