■ In the Matter of MOHAMED T. METROPOLITAN HOSPITAL, Respondent, v MOHAMED T., Appellant. [54 NYS3d 390]—

Appeal from order, Supreme Court, New York County (Joan

M. Kenney, J.), entered on or about September 14, 2016, which granted petitioner's request for respondent's continued retention for a period not to exceed 15 days from the date of the order, unanimously dismissed, without costs, as moot.

Respondent challenges the continuation of his civil commitment under Mental Hygiene Law § 9.39, asserting a failure of proof that he posed a substantial risk of physical harm to himself or others or that violent behavior placed others in reasonable fear of serious physical harm (*see Matter of Rueda v Charmaine D.*, 17 NY3d 522, 529-530 [2011]).

However, subsequent to the continuation of the commitment, respondent was released, thereby mooting the controversy. The exceptions to the mootness doctrine are inapplicable because respondent failed to demonstrate that a continuation of a civil commitment under Mental Hygiene Law § 9.39, based on inadequate evidence, was likely to recur (*see Matter of Young [Jacobi Med. Ctr.]*, 124 AD3d 443, 444 [1st Dept 2015]).

Nonetheless, were we to reach the merits here, we note that petitioner Metropolitan Hospital failed to prove by clear and convincing evidence that respondent posed a substantial risk of physical harm to himself or others or that his behavior placed others in reasonable fear of physical harm. In particular, the trial court erroneously in relied on her observations of a nontestifying family member to conclude that respondent should remain in the hospital. Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.