Matter of M.M. v NYC H+H/Metro. Hosp.
2026 NY Slip Op 03510
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of M.M., Respondent-Appellant,
v
NYC H+H/Metropolitan Hospital, Petitioner-Respondent.

Decided and Entered: June 04, 2026
Index No. 531082/25|Appeal No. 6796|Case No. 2025-04975|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Sadie Z. Ishee of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (James E. D'Auguste, J.), entered on or about August 8, 2025, which, after a July 30, 2025 hearing, granted petitioner Metropolitan Hospital's application for an order authorizing respondent's continued involuntary commitment pursuant to Mental Hygiene Law § 9.39 (a) and denied respondent's application for an order releasing him from his involuntary commitment, unanimously dismissed, without costs, as moot.
The release from a Mental Hygiene Law § 9.39 commitment has been found to moot a respondent's appeal of the commitment order (see Matter of Mohamed T., 150 AD3d 510, 511 [1st Dept 2017]; Matter of Young [Jacobi Med. Ctr.], 124 AD3d 443, 444 [1st Dept 2015]). Respondent concedes that he was released from the hospital approximately one week after the hearing. Thus, "an adjudication of the merits will [not] result in immediate and practical consequences to the parties" (see Coleman v Daines, 19 NY3d 1087, 1090 [2012]).
Contrary to respondent's argument, the mootness exception does not apply. Respondent has not shown that these circumstances are likely to recur, nor that the legal questions presented here are substantial, novel, or of a type that typically evade review (id.).
Moreover, respondent's assertions regarding future employment, licensing, or reputational consequences are speculative and hypothetical. This Court has rejected claims where alleged collateral consequences were too attenuated or uncertain to avoid mootness (see Matter of Vignali v City of New York, 222 AD3d 419, 420 [1st Dept 2023], lv denied 42 NY3d 905 [2024]). Respondent does not identify any present application, license, or proceeding in which the challenged order has a direct impact.
Because respondent has already obtained the only relief available and fails to demonstrate that any exception to the mootness doctrine applies, his appeal is dismissed as moot.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026