SUMMARY ORDER
Plaintiff-Appellant Joseph Gibson, III, appeals from a March 22, 2005 decision of the District Court ordering a mistrial in a § 1983 action brought by plaintiff for recovery of damages arising from alleged violations of his Eighth Amendment rights while incarcerated at Osborn Correctional Institution in 1999. On the morning of March 22, 2005—which was scheduled to be the second day of trial—the originally empaneled jurors informed the District Court that, in light of the violent facts presented during earlier testimony and their having disclosed personal information during the jury selection process, they felt that they could not return a fair verdict due to fears that they might become targets of violent reprisal. The District Court responded by dismissing the unwilling jury and conducting a retrial with a new jury serving under conditions of greater anonymity. On May 25, 2005, the second jury returned a unanimous verdict in favor of defendants.
Because the only relief sought by plaintiff is a remand for a new trial, and because plaintiff has already received the benefit of a retrial (albeit one that resulted in an unfavorable outcome), we hold that plaintiffs appeal is moot and must be dismissed. See Burke v. Barnes, 479 U.S. 361, 363, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987) (“Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case.... ”). In doing so, we reject plaintiffs contention that the District Court’s order denied him the constitutional right “of another attempt at trying *492 his case before a favorably-disposed jury.” Br. of PL, at 14.
We have considered all of plaintiffs arguments and found each of them to be without merit. Accordingly, the March 22, 2005 decision of the District Court is AFFIRMED.