■ The People of the State of New York ex rel. William Allen, Appellant, v Warden, GMDC, New York State Division of Parole, et al., Respondents. [878 NYS2d 19]—

Appeal from an order of Supreme Court, Bronx County (Analisa Torres, J.), entered May 15, 2007, which dismissed the petition for a writ of habeas corpus, unanimously dismissed as moot, without costs.

After the order denying the petition was entered, the charges against petitioner were sustained following a final revocation hearing. This appeal is not moot only if the alleged defect with respect to the issuance of the warrant can be likened to a jurisdictional defect in an accusatory instrument filed in a criminal action (see People v Alejandro, 70 NY2d 133 [1987]). Here, however, at most the issuance of the warrant was inconsistent with a regulation of the Division of Parole, 9 NYCRR 8004.2 (a) and (b), rather than a statute enacted by the Legislature. Without deciding the issue of whether the warrant was issued in violation of the regulation, we conclude that the alleged defect cannot be likened to such a jurisdictional defect. Accordingly,

"the rights of the parties cannot be affected by the determination of this appeal and it is therefore moot" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Although the question of mootness is not raised by the parties, the prohibition against deciding "academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (*id.* at 713-714) and we can and should resolve it sua sponte (*see Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 72 NY2d 307, 311 [1988]). Concur—Andrias, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.