[979 NE2d 1158, 955 NYS2d 831]

BARBARA COLEMAN, by Her Attorney-in-Fact, MAZILEE COLEMAN, on Behalf of Herself and All Others Similarly Situated, Respondent, v RICHARD F. DAINES, M.D., Individually and as Commissioner of the New York State Department of Health, et al., Appellants.

Argued September 4, 2012; decided October 30, 2012

## APPEARANCES OF COUNSEL

*Eric T. Schneiderman, Attorney General,* New York City (*Richard Dearing, Simon Heller* and *Barbara D. Underwood* of counsel), for Richard F. Daines, appellant.

*Michael A. Cardozo, Corporation Counsel,* New York City (*Jane L. Gordon, Janice Birnbaum* and *Edward F.X. Hart* of counsel), for Robert Doar, appellant.

*Bellin & Associates LLC,* White Plains (*Aytan Y. Bellin* of counsel), for respondent.

*Saima A. Akhtar,* Albany, and *Susan C. Antos, Linda Hassberg,* Central Islip, *Bryan Hetherington,* Rochester, and *Trilby deJung, Steven Banks, Legal Aid Society,* New York City (*Adriene L. Holder, Judith A. Goldiner* and *Kenneth R. Stephens* of counsel), for Empire Justice Center and another, amici curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

In November 2007 and January 2008, petitioner Barbara Coleman applied for Medicaid-funded personal care attendant services with the New York City Human Resources Administration (HRA). Having received no response to her request by May 2008, she submitted an application for "temporary medical assistance" benefits pending the ultimate determination of her Medicaid application. Later that month, HRA advised Coleman that she was eligible for Medicaid, but did not specify the number of hours of personal attendant care to which she was entitled. However, by the end of June 2008, HRA granted Coleman 24-hour personal care attendant services beginning on June 30, 2008.

Coleman commenced this hybrid CPLR article 78 proceeding and 42 USC § 1983 action alleging that respondent Robert L. Doar, Commissioner of HRA, failed to make a timely decision regarding her initial Medicaid claim and that Doar and respondent Richard F. Daines, Commissioner of the New York State Department of Health, violated Social Services Law § 133 and

her constitutional right to due process by failing to give her notice of the availability of "temporary assistance" benefits at the time of application. With respect to the latter claim, Coleman seeks nominal damages. Supreme Court dismissed the petition on threshold grounds of mootness and failure to exhaust administrative remedies (2009 NY Slip Op 30643[U] [2009]). The Appellate Division reversed, holding that the "likely to recur" exception to the mootness doctrine applied (79 AD3d 554, 559 [1st Dept 2010]). The Appellate Division granted respondents leave to appeal on a certified question.

Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003]). Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties (*see City of New York v Maul*, 14 NY3d 499, 507 [2010]). An exception to the mootness doctrine may apply, however, where the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts (*see id.*; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).

■ Here, respondents assert that Coleman's claims seeking temporary assistance and care services are moot because she is currently receiving all personal care services originally requested. Coleman submits that respondents maintain a policy of not informing applicants of the availability of temporary Medicaid assistance in the form of personal care attendant services and, therefore, do not generally provide or pay for such benefits. Since this policy is alleged to have applied to all similarly situated Medicaid claimants who sought benefits under the same statutory provision as Coleman, we believe this issue is "likely to recur" (*Maul*, 14 NY3d at 507).* In addition, based on the potential ramifications from delays in providing critical benefits and the relatively brief nature of the violation, the question is substantial and will typically evade judicial review.

■■ Pursuant to *Dean v Blumenthal* (577 F3d 60, 66 [2d Cir 2009]), Coleman's demand for nominal damages in connection with her alleged constitutional due process violations also survives the mootness challenge. And, we are not persuaded by respondents' arguments that Coleman's claims should be

---

* We express no opinion with respect to any claims that may be brought under the 2010 amendment to Social Services Law § 133.

dismissed for failure to exhaust administrative remedies. Accepting as true the assertion that respondents maintain policies and procedures as alleged, Coleman's pursuit of the claims through the administrative process would have been futile (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]).

PIGOTT, J. (dissenting). For over four years, petitioner Barbara Coleman has received the "temporary assistance" benefits she requested pursuant to former Social Services Law § 133 and, as the majority impliedly concedes, the issue as to whether she is entitled to those benefits is moot. Because in my view no exception to the mootness doctrine applies in light of the August 30, 2010 amendment to Social Services Law § 133, I respectfully dissent.

In November 2007, Coleman, with the assistance of counsel, applied for Medicaid and submitted to the New York City Human Resources Administration (HRA) requests for home care attendants and 24-hour home attendant services. The application erroneously stated that Coleman owned her own residence. Coleman's counsel informed the HRA that Coleman had an IRA worth $45,801.91 and that additional documentation would follow.

On January 23, 2008, Coleman's counsel supplemented Coleman's application and corrected his original misstatement relative to Coleman's home ownership. Neither the November 2007 nor January 2008 application requested "temporary assistance and medical assistance." Indeed, it was not until May 22, 2008 that Coleman demanded, through her counsel, that HRA "immediately" award her "temporary medical assistance in the form of personal care attendants, 24 hours, 7 days a week" while HRA conducted its investigation as to her qualification for personal care attendants. This demand was made pursuant to now former Social Services Law § 133 which provided that "[i]f it shall appear that a person is in immediate need, temporary assistance or care shall be granted pending completion of an investigation."

One week after Coleman's demand, HRA found Coleman eligible for Medicaid benefits retroactive to March 1, 2008. Coleman commenced a hybrid CPLR article 78/42 USC § 1983 proceeding asserting, among other things, that the HRA Commissioner and the Commissioner of the New York State Department of Health failed to give her notice of the availability of temporary Medicaid in the form of personal care attendant services pursuant to Social Services Law § 133 and NY Constitu-

tion, article XVII, § 1, and that the HRA Commissioner failed to render a decision on requests for temporary medical assistance in a timely manner.

On June 26, 2008, HRA granted Coleman's request for 24-hour-a-day/seven-day-per-week personal care services. Coleman began receiving the requested services on June 30, 2008. Upon the HRA Commissioner's cross motion, Supreme Court dismissed Coleman's claims as moot (2009 NY Slip Op 30643[U] [2009]). The Appellate Division reversed, holding that respondents' policies of failing to notify Medicaid applicants of the availability of temporary assistance in the form of personal care attendants and failing to timely render a decision as to those services "appl[y] to other similarly situated Medicaid applicants and recipients" and fall within the "likely to recur" exception to the mootness doctrine (79 AD3d 554, 559 [1st Dept 2010]). I disagree.

"[W]here changed circumstances prevent [this Court] 'from rendering a decision which would effectually determine an actual controversy between the parties involved,' we will dismiss the appeal or reverse the lower court order and direct that court to dismiss the action" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 811 [2003], quoting Karger, Powers of the New York Court of Appeals § 71 [a] at 426 [3d ed]). "[A]n appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). In some rare situations where the issue is moot, judicial review may be warranted "where the issues are substantial or novel, likely to recur and capable of evading review" (*City of New York v Maul*, 14 NY3d 499, 507 [2010] [citations omitted]).

Coleman brought her claims under former Social Services Law § 133. While Coleman's appeal to the Appellate Division was pending, that section was substantially amended to provide as follows:

> "Upon application for public assistance or care *under this chapter*, the local social services district *shall notify the applicant in writing of the availability of a monetary grant adequate to meet emergency needs assistance or care and shall, at such time, determine whether such person is in immediate need. If it shall appear that a person is in immediate need, emergency needs assistance or care shall*

*be granted pending completion of an investigation.* The written notification required by this section shall inform such person of a right to an expedited hearing when emergency needs assistance or care is denied. A public assistance applicant who has been denied emergency needs assistance or care must be given reason for such denial in a written determination which sets forth the basis for such denial" (emphasis supplied).

It is clear that the claim asserted by Coleman under former section 133 is not capable of repetition, nor will it evade review, because the amended Social Services Law § 133 addresses applicants who are in "immediate need" of "emergency needs assistance or care" who may be entitled to a "monetary grant." The distinctions between the two provisions may be significant. Under the former section 133, Coleman's situation arguably did not need to rise to the level of an emergency, whereas under the new section, it must necessarily rise to that level if an applicant is to meet the "immediate need" requirement. Moreover, former section 133 called for the provision of "temporary assistance or care" for qualifying individuals, whereas the current section 133 states that notice shall be provided concerning "the availability of a monetary grant adequate to meet *emergency needs* assistance or care" (emphasis supplied). On the other hand, future claimants may rely on the newly-added words "under this chapter" as support for their argument that section 133 applies to all benefits available under the Social Services Law—to Medicaid payments as well as to payments for food and shelter. So the claims asserted by Coleman under former section 133 cannot recur in light of this change in the law. Interpretation of a defunct statute under which Coleman is admittedly receiving benefits is of little value to future claimants who must now proceed under the current section 133, and, because Coleman's section 1983 claim is premised on that defunct statute, that claim is similarly moot. I would therefore answer the certified question in the negative.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO and JONES concur in memorandum; Judge PIGOTT dissents and votes to reverse in an opinion in which Judges READ and SMITH concur.

Order affirmed, etc.