■ In the Matter of CHEYENNE E. SMITH, Respondent, v CHERYL E. VISKER, Appellant. [60 NYS3d 883]—

Appeal from an amended order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered April 18, 2016 in a proceeding pursuant to Family Court Act article 6. The amended order, inter alia, granted custody of the subject child to petitioner.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Petitioner mother stipulated to a prior order awarding shared custody of the subject child to the mother, respondent, who is the child's paternal grandmother (grandmother), and the child's father, who is not a party to this proceeding. That order also granted the grandmother primary physical custody of the child. After several other attempts to regain primary custody of the child, the mother commenced this proceeding. The grandmother, as limited by her brief, now appeals from that part of an amended order that confirmed the Referee's report recommending granting the petition, based upon the Referee's findings that the grandmother failed to establish extraordinary circumstances warranting an examination of whether custody of the child could be awarded to a nonparent. We dismiss the appeal.

The sole contention of the grandmother on appeal is that this Court should conclude that she established extraordinary circumstances warranting a review of the child's best interests. In the amended order on appeal, however, the court also confirmed that part of the Referee's report in which the Referee found that, even assuming, "arguendo, [that the grandmother] established the existence of extraordinary circumstances, the mother has established . . . that the best interests of the child will be served by awarding custody of the child to the mother," and the grandmother does not challenge that confirmed finding on appeal. "Because the only relief sought by [the grandmother] is a [remittal] for a [best interests hearing], and because [the grandmother] has *already received* the benefit of [such a hearing] (albeit one that resulted in an unfavorable outcome), we hold that [her] appeal is moot and must be dismissed" (*Gibson v Brooks,* 175 Fed Appx 491, 491 [2d Cir 2006]; *see Matter of Angel RR. [Gloria RR.—Pedro RR.],* 145 AD3d 1136, 1137 [2016]; *Matter of Joshua OO.,* 254 AD2d 519, 519 [1998]; *cf. Matter of Veronica P. v Radcliff A.,* 24 NY3d 668, 671-672 [2015]). Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.