Thomas v New York City Dept. of Educ. (2020 NY Slip Op 05475)





Thomas v New York City Dept. of Educ.


2020 NY Slip Op 05475


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Index No. 100824/18 Appeal No. 11959 Case No. 2019-04301 

[*1]Michael P. Thomas, Plaintiff-Appellant,
v
New York City Department of Education, Defendant-Respondent.


Michael P. Thomas, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondent.



Order, Supreme Court New York County (Verna L. Saunders, J.), entered July 1, 2020, which granted defendant's motion to dismiss the verified amended complaint, unanimously affirmed, without costs.
Plaintiff seeks declaratory relief under General Municipal Law (GML) § 51 based upon an alleged violation of Education Law § 225(9-a). This alleged violation was based on a newspaper article which described defendant's practice of permitting certain failing students at a high school to obtain course upon the satisfactory completion of "mastery packets" of materials, which included tests, during the 2017-2018 academic year. Plaintiff alleged that this practice imperiled the public interest and sought a declaration that: course credit may not be awarded based solely on completion of the packet; taxpayer funds may not be used for the purpose of furthering the cited practice; and defendant be directed to conduct an audit to ensure that the credits were properly awarded to the affected students. Plaintiff's claims have largely been rendered moot by the passage of time; there is no indication that "an adjudication on the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012] [citations omitted]). Moreover, although the relief requested pertains mainly to future conduct, there is no indication that the practice at issue has recurred or is likely to recur (see id.). 
In any event, plaintiff failed to state a cause of action under GML 51. "[A] taxpayer action pursuant to section 51 of the [GML] lies 'only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes'" (Mesivta of Forest Hills Inst., Inc. v City of New York, 58 NY2d 1014, 1016 [1983] quoting Kaskel v Impellitteri, 306 NY 73, 79 [1953], cert denied 347 US 934 [1954]). Here, plaintiff failed to allege how defendant's practice imperiled the public interest or was a violation of Education Law § 225(9-a). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020