Matter of Sportsmen's Tavern LLC v New York State Liq. Auth. (2021 NY Slip Op 03957)





Matter of Sportsmen's Tavern LLC v New York State Liq. Auth.


2021 NY Slip Op 03957


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


488 CA 20-01360

[*1]IN THE MATTER OF SPORTSMEN'S TAVERN LLC, PETITIONER-PLAINTIFF-RESPONDENT,
v
NEW YORK STATE LIQUOR AUTHORITY, RESPONDENT-DEFENDANT-APPELLANT. 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (PAUL J. CAMBRIA, JR., OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered October 15, 2020 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, among other things, adjudged that respondent-defendant is permanently enjoined from enforcing its Incidental Music Guidelines (i) prohibiting advertised and/or ticketed live music at licensed bars or restaurants; and (ii) restricting live music at licensed bars and restaurants to only live music that is "incidental to the dining experience and not the draw itself." 
It is hereby ORDERED that said appeal is unanimously dismissed without costs and the judgment is vacated.
Memorandum: Petitioner-plaintiff Sportsmen's Tavern LLC (Sportsmen's) commenced this hybrid CPLR article 78 and declaratory judgment action challenging COVID-19 pandemic-related guidance issued by respondent-defendant New York State Liquor Authority (SLA). That guidance, which Sportsmen's was required to abide by pursuant to certain executive orders, prohibited advertised and ticketed main-draw music shows at licensed bars or restaurants and restricted live music at such establishments to only that which was incidental to the dining experience and not the draw itself. SLA appeals from a judgment that declared that the guidance constituted an unlawful content-based restriction, both facially and as applied, under the First Amendment of the United States Constitution and corresponding provisions of the New York State Constitution; declared that the guidance was arbitrary, capricious, and an abuse of discretion; and permanently enjoined SLA from enforcing the guidance. We conclude for the reasons that follow that the appeal should be dismissed as moot.
Although neither party contends that the appeal should be dismissed as moot, "mootness is a doctrine related to subject matter jurisdiction and thus must be considered by the court sua sponte" (Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO, 72 NY2d 307, 311 [1988], cert denied 488 US 966 [1988] [hereinafter, Grand Jury Subpoenas]; see People ex rel. Allen v Warden, GMDC, N.Y. State Div. of Parole, 61 AD3d 541, 542 [1st Dept 2009]). Indeed, the jurisdiction of this Court "extends only to live controversies . . . [, and w]e are thus prohibited from giving advisory opinions or ruling on 'academic, hypothetical, moot, or otherwise abstract questions' " (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]; see Matter of Harris v Seneca Promotions, Inc., 149 AD3d 1508, 1509 [4th Dept 2017]). Courts are thus generally "precluded 'from considering questions which, although once live, have become moot by passage of time or change in circumstances' " (City of New York v Maul, 14 NY3d 499, 507 [2010], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [*2][1980]). "[A]n appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Maul, 14 NY3d at 507; Hearst Corp., 50 NY2d at 714).
Here, due to recent easing of pandemic-related restrictions, the prohibitions challenged in this case are no longer in effect. We thus conclude that "the rights of the parties cannot be affected by the determination of this appeal and it is therefore moot" (Hearst Corp., 50 NY2d at 714).
"An exception to the mootness doctrine may apply, however, where the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (Coleman, 19 NY3d at 1090). Where the issue "falls within the well-recognized exception[,] . . . courts may exercise their extraordinary discretion to entertain the appeal notwithstanding mootness" (Grand Jury Subpoenas, 72 NY2d at 311; see Saratoga County Chamber of Commerce, 100 NY2d at 811; see also Matter of Duarte v City of New York, 20 NY3d 1067, 1068 [2013]; Ayoub v Ayoub, 14 NY3d 921, 922 [2010]).
We conclude that the exception to the mootness doctrine does not apply here. In our view, although the issue of the lawfulness of the prior challenged guidance implemented as part of the extraordinary response to the COVID-19 pandemic is substantial and novel, that issue is not likely to recur (see generally Saratoga County Chamber of Commerce, 100 NY2d at 811-812; People v Rikers Is. Corr. Facility Warden, 112 AD3d 1350, 1351 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). Moreover, "the issue is not of the type that typically evades review" (Wisholek v Douglas, 97 NY2d 740, 742 [2002]). Indeed, as the parties have acknowledged, the guidance at issue here prohibiting advertised and ticketed main-draw music shows has been reviewed on the merits by at least two other courts (see generally Matter of Kirkland v Annucci, 150 AD3d 736, 738 [2d Dept 2017], lv denied 29 NY3d 918 [2017]). In any event, under the circumstances of this case, we would "decline to invoke the mootness exception" (Duarte, 20 NY3d at 1068; see Ayoub, 14 NY3d at 922).
Finally, " 'in order to prevent [the] judgment which is unreviewable for mootness from spawning any legal consequences or precedent,' " we vacate the judgment (Matter of Thrall v CNY Centro, Inc., 89 AD3d 1449, 1451 [4th Dept 2011], lv dismissed 19 NY3d 898 [2012], quoting Hearst Corp., 50 NY2d at 718; see Matter of Olney v Town of Barrington, 162 AD3d 1610, 1612 [4th Dept 2018]; see generally Saratoga County Chamber of Commerce, 100 NY2d at 812).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court