Matter of Pharaohs GC, Inc. v New York State Liq. Auth. (2021 NY Slip Op 04881)





Matter of Pharaohs GC, Inc. v New York State Liq. Auth.


2021 NY Slip Op 04881


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


639.1 CA 21-00292

[*1]IN THE MATTER OF PHARAOHS GC, INC., PETITIONER-PLAINTIFF-RESPONDENT,
v
NEW YORK STATE LIQUOR AUTHORITY, RESPONDENT-DEFENDANT-APPELLANT. 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT.
HOGAN WILLIG, PLLC, AMHERST (BRETT D. TOKARCZYK OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered January 28, 2021 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, inter alia, permanently enjoined respondent-defendant from enforcing certain COVID-19 pandemic-related guidance. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs and the judgment is vacated.
Memorandum: Petitioner-plaintiff commenced this hybrid CPLR article 78 proceeding and declaratory judgment action challenging COVID-19 pandemic-related guidance issued by respondent-defendant New York State Liquor Authority (SLA) that, among other things, prohibited exotic dancing during the pandemic at licensed bars and restaurants. SLA appeals from a judgment that, inter alia, permanently enjoined SLA from enforcing the guidance. We dismiss the appeal as moot.
The guidance at issue is no longer in effect, and the parties correctly concede that this appeal is moot (see Saratoga County Chamber of Commerce, Inc. v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]). Contrary to SLA's contention, the issue here is not likely to recur (see generally id. at 811-812; People v Rikers Is. Corr. Facility Warden, 112 AD3d 1350, 1351 [4th Dept 2013], lv denied 22 NY3d 864 [2014]), and it "is not of the type that typically evades review" (Wisholek v Douglas, 97 NY2d 740, 742 [2002]). Therefore, the exception to the mootness doctrine does not apply (cf. generally Coleman v Daines, 19 NY3d 1087, 1090 [2012]).
As a final matter, " 'in order to prevent [the] judgment which is unreviewable for mootness from spawning any legal consequences or precedent,' " we vacate the judgment (Matter of Thrall v CNY Centro, Inc., 89 AD3d 1449, 1451 [4th Dept 2011], lv dismissed 19 NY3d 898 [2012], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 718 [1980]; see Matter of Sportsmen's Tavern LLC v New York State Liq. Auth., 195 AD3d 1557, 1559 [4th Dept 2021]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court