Matter of Hensley v Williamsville Cent. Sch. Dist. (2022 NY Slip Op 03655)

Matter of Hensley v Williamsville Cent. Sch. Dist.

2022 NY Slip Op 03655

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

516 CA 21-00840

[*1]IN THE MATTER OF DANA HENSLEY, ON BEHALF OF HER MINOR CHILDREN AND ALL OTHERS SIMILARLY SITUATED, ET AL., PETITIONERS-PLAINTIFFS-RESPONDENTS,
v
WILLIAMSVILLE CENTRAL SCHOOL DISTRICT, ET AL., RESPONDENTS-DEFENDANTS, ANDREW M. CUOMO, GOVERNOR OF NEW YORK, NEW YORK STATE DEPARTMENT OF HEALTH AND NEW YORK STATE DEPARTMENT OF EDUCATION, RESPONDENTS-DEFENDANTS-APPELLANTS. (PROCEEDING/ACTION NO. 1.)
IN THE MATTER OF ROBERT DINERO, ON BEHALF OF HIS MINOR CHILDREN AND ALL OTHERS SIMILARLY SITUATED, PETITIONERS-PLAINTIFFS-RESPONDENTS,
v
ORCHARD PARK CENTRAL SCHOOL DISTRICT, ET AL., RESPONDENTS-DEFENDANTS, ANDREW M. CUOMO, GOVERNOR OF NEW YORK, NEW YORK STATE DEPARTMENT OF HEALTH AND NEW YORK STATE DEPARTMENT OF EDUCATION, RESPONDENTS-DEFENDANTS-APPELLANTS. (PROCEEDING/ACTION NO. 2.) 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BEEZLY J. KIERNAN OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.
LAW OFFICE OF TODD ALDINGER, ESQ., BUFFALO (TODD ALDINGER OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS. 

 Appeal from an amended judgment (denominated amended order) of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered May 20, 2021 in CPLR article 78 proceedings and declaratory judgment actions. The amended judgment, inter alia, declared invalid certain COVID-19 pandemic-related guidance. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs and the amended judgment is vacated.
Memorandum: Petitioners-plaintiffs (petitioners) commenced these hybrid CPLR article 78 proceedings and declaratory judgment actions with nearly identical petitions-complaints (petitions) challenging COVID-19 pandemic-related guidance issued by respondents-defendants New York State Department of Health (DoH) and New York State Department of Education (DoE), pursuant to continuing executive orders signed by the Governor (collectively, respondents). Respondents appeal from an amended judgment which, among other things, granted judgment in favor of petitioners on the sixth cause of action in both petitions and declared that the guidance was arbitrary and capricious insofar as it placed different social [*2]distancing restrictions on elementary and secondary schools, and insofar as it used county-wide metrics to determine whether those restrictions apply to the school districts at issue.
After the amended judgment was issued, the guidance challenged by petitioners was withdrawn by respondents, the executive orders upon which the guidance was based expired, and the statutory scheme that permitted the Governor to issue the emergency guidelines upon which the DoH and DoE relied in promulgating that guidance was replaced. Thus, the parties correctly concede that this appeal is moot (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]). Contrary to respondents' contention, the issue here is not likely to recur (see generally id. at 811-812; People v Rikers Is. Corr. Facility Warden, 112 AD3d 1350, 1351 [4th Dept 2013], lv denied 22 NY3d 864 [2014]), and it "is not of the type that typically evades review" (Wisholek v Douglas, 97 NY2d 740, 742 [2002]). Therefore, the exception to the mootness doctrine does not apply (see Matter of Pharaohs GC, Inc. v New York State Liq. Auth., 197 AD3d 1010, 1011 [4th Dept 2021]; Matter of Sportsmen's Tavern LLC v New York State Liq. Auth., 195 AD3d 1557, 1558 [4th Dept 2021]; cf. generally Coleman v Daines, 19 NY3d 1087, 1090 [2012]).
Finally, " 'in order to prevent [the amended] judgment which is unreviewable for mootness from spawning any legal consequences or precedent,' " we vacate the amended judgment (Matter of Thrall v CNY Centro, Inc., 89 AD3d 1449, 1451 [4th Dept 2011], lv dismissed 19 NY3d 898 [2012], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 718 [1980]; see Funderburke v New York State Dept. of Civ. Serv., 49 AD3d 809, 811-812 [2d Dept 2008]; see also Saratoga County Chamber of Commerce, 100 NY2d at 812).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court