Matter of Medical Professionals for Informed Consent, Individually & On Behalf of Its Members, Kristen Robillard, M.D., Zarina Hernandez-schipplick, M.D., Margaret Florini, A.S.C.P., Olyesya Girich, Rt (r), & Elizabeth Storelli, R.N., Individually & On Behalf of Others Similarly Situated v Bassett (2023 NY Slip Op 05052)

Matter of Medical Professionals for Informed Consent, Individually & On Behalf of Its Members, Kristen Robillard, M.D., Zarina Hernandez-schipplick, M.D., Margaret Florini, A.S.C.P., Olyesya Girich, Rt (r), & Elizabeth Storelli, R.N., Individually & On Behalf of Others Similarly Situated v Bassett

2023 NY Slip Op 05052

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

546.1 CA 23-00161

[*1]IN THE MATTER OF MEDICAL PROFESSIONALS FOR INFORMED CONSENT, INDIVIDUALLY AND ON BEHALF OF ITS MEMBERS, KRISTEN ROBILLARD, M.D., ZARINA HERNANDEZ-SCHIPPLICK, M.D., MARGARET FLORINI, A.S.C.P., OLYESYA GIRICH, RT (R), AND ELIZABETH STORELLI, R.N., INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, PETITIONERS-PLAINTIFFS-RESPONDENTS,
v
MARY T. BASSETT, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF HEALTH FOR STATE OF NEW YORK, KATHLEEN C. HOCHUL, IN HER OFFICIAL CAPACITY AS GOVERNOR OF STATE OF NEW YORK, AND NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENTS-DEFENDANTS-APPELLANTS. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.
GIBSON LAW FIRM, PLLC, ITHACA (SUJATA SIDHU GIBSON OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered January 13, 2023, in a proceeding pursuant to CPLR article 78 and a declaratory judgment action. The judgment, insofar as appealed from, denied the motion of respondents-defendants to dismiss and granted the petition-complaint for a declaration that 10 NYCRR 2.61 was beyond the scope of respondents-defendants' authority and was null, void and of no effect. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Respondents-defendants appeal from a judgment that, insofar as appealed from, denied their motion to dismiss and, instead, granted the petition-complaint for a declaration that 10 NYCRR 2.61—which mandated that "covered entities," i.e., hospitals, require that certain personnel be fully vaccinated against COVID-19 unless they fall within the regulation's medical exemption—was beyond the scope of authority of respondent-defendant New York State Department of Health (DOH) and was null, void, and of no effect. Upon the application of respondents-defendants, we granted a stay of the judgment pending appeal. During oral argument of the appeal, the attorney for respondents-defendants announced that DOH would cease enforcing the regulation and that formal repeal of the regulation would occur through the appropriate regulatory process. The regulation has now been repealed (see former 10 NYCRR 2.61, repealed by NY St Reg, Oct. 4, 2023 at 22). We agree with respondents-defendants for the reasons that follow that the appeal should be dismissed as moot.
The jurisdiction of this Court "extends only to live controversies . . . [, and w]e are thus prohibited from giving advisory opinions or ruling on 'academic, hypothetical, moot, or otherwise abstract questions' " (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]; see Matter of Sportsmen's Tavern LLC v New York State Liq. Auth., 195 AD3d 1557, 1558 [4th Dept 2021]). Courts are thus generally [*2]"precluded 'from considering questions which, although once live, have become moot by passage of time or change in circumstances' " (City of New York v Maul, 14 NY3d 499, 507 [2010], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). "[A]n appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Maul, 14 NY3d at 507; Hearst Corp., 50 NY2d at 714).
Here, in terms of the substantive relief requested in their petition-complaint, petitioners-plaintiffs sought to enjoin enforcement of the regulation and a declaration that the regulation was unenforceable. The repeal of the regulation has rendered the appeal of the judgment granting that relief moot inasmuch as "[a] declaration as to the validity or invalidity of the [regulation] would . . . have no practical effect on the parties" (Saratoga County Chamber of Commerce, 100 NY2d at 811; see Matter of Hensley v Williamsville Cent. Sch. Dist., 206 AD3d 1655, 1656 [4th Dept 2022]; Matter of Pharaohs GC, Inc. v New York State Liq. Auth., 197 AD3d 1010, 1011 [4th Dept 2021]; Sportsmen's Tavern LLC, 195 AD3d at 1558).
"An exception to the mootness doctrine may apply, however, where the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (Coleman, 19 NY3d at 1090). Where the issue "falls within the well-recognized exception[,] . . . courts may exercise their extraordinary discretion to entertain the appeal notwithstanding mootness" (Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO, 72 NY2d 307, 311 [1988], cert denied 488 US 966 [1988]; see Saratoga County Chamber of Commerce, 100 NY2d at 811; see also Matter of Duarte v City of New York, 20 NY3d 1067, 1068 [2013]; Ayoub v Ayoub, 14 NY3d 921, 922 [2010]).
We conclude that the exception to the mootness doctrine does not apply here. "[A]lthough the issue of the lawfulness of the [regulation] implemented as part of the extraordinary response to the COVID-19 pandemic is substantial and novel, that issue is not likely to recur" given the once-in-a-century nature of the pandemic and the emergency governmental response thereto (Sportsmen's Tavern LLC, 195 AD3d at 1558; see generally Saratoga County Chamber of Commerce, 100 NY2d at 811-812). Moreover, "the issue is not of the type that typically evades review" (Wisholek v Douglas, 97 NY2d 740, 742 [2002]; see Hensley, 206 AD3d at 1656; Pharaohs GC, Inc., 197 AD3d at 1011; Sportsmen's Tavern LLC, 195 AD3d at 1558). Indeed, the regulation at issue here received significant review from numerous state and federal courts (see Sportsmen's Tavern LLC, 195 AD3d at 1558-1559). In any event, under the circumstances of this case, we would "decline to invoke the mootness exception" (Duarte, 20 NY3d at 1068; see Ayoub, 14 NY3d at 922; Sportsmen's Tavern LLC, 195 AD3d at 1559).
Inasmuch as the appeal is moot and the exception to the mootness doctrine does not apply, we are precluded from considering the merits of the issues raised on appeal and we "take no position on the propriety of the judgment appealed from" (Johnston v State Bd. of Elections, 79 AD2d 890, 890 [4th Dept 1980], lv denied 52 NY2d 706 [1981]; see Sedita v Board of Educ. of City of Buffalo, 43 NY2d 827, 828 [1977]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court