Matter of Lee v City of New York (2023 NY Slip Op 05986)

Matter of Lee v City of New York

2023 NY Slip Op 05986

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ. 

Index No. 158364/22 Appeal No. 1071 Case No. 2023-01253 

[*1]In the Matter of Garrick Lee, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents, Lieutenants Benevolent Association of the City of New York, Respondent.

Jimmy Wagner, Brooklyn, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondents.

Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about March 1, 2023, denying the petition to annul the August 8, 2022 determination of the City of New York Reasonable Accommodation Appeals Panel (Citywide Panel), which denied his request for a religious exemption from the COVID-19 vaccination requirement for employees of the City of New York, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
This article 78 proceeding is not moot, in light of petitioner's request for damages (see Coleman v Daines, 19 NY3d 1087, 1090 [2012]).
Petitioner has failed to demonstrate that the determination was arbitrary and capricious or made in violation of lawful procedure (CPLR 7803[3]). The Citywide Panel had a rational basis for denying petitioner's administrative appeal from the denial of his application for a religious exemption from the vaccination requirement, "based on the Citywide Panel's findings that he failed to establish that his objection to receiving any of the COVID-19 vaccines was based on a sincerely held religious belief," given that he "had no demonstrated history of refusing medications or vaccines" other than declining to receive flu vaccinations for unspecified reasons, and he failed to address whether he had "avoided any other vaccines or medications based on the same objection he raised to the COVID-19 vaccines" (Matter of Hogue v Board of Educ. of the City Sch. Dist. of the City of N.Y., — AD3d &mdash, 2023 NY Slip Op 04927, *1 [1st Dept 2023] [internal quotation marks omitted]). It is not dispositive that the Citywide Panel's determination did not set forth any reasoning; a member of the Panel clarified the basis for the determination in an affirmation submitted in the article 78 proceeding (see Matter of Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023]).
We also reject petitioner's contention that respondents failed to engage in a cooperative dialogue (see id. at 545).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023