Matter of Association of Motor Veh. Trial Attorneys, Inc. v New York State Dept. of Motor Vehs. (2024 NY Slip Op 00006)

Matter of Association of Motor Veh. Trial Attorneys, Inc. v New York State Dept. of Motor Vehs.

2024 NY Slip Op 00006

Decided on January 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 4, 2024

534950
[*1]In the Matter of Association of Motor Vehicle Trial Attorneys, Inc., et al., Appellants,
v
New York State Department of Motor Vehicles et al., Respondents.

Calendar Date:November 21, 2023

Before:Garry, P.J., Lynch, Ceresia, Fisher and Powers, JJ.

Couch White, LLP, Albany (Stephen H. Orr Jr. of counsel), for appellants.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondents.

Fisher, J.
Appeal from a judgment of the Supreme Court (Kimberly O'Connor, J.), entered January 3, 2022 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, declare that a certain policy adopted by respondent Department of Motor Vehicles is unconstitutional.
Contested traffic infractions in and around New York City are adjudicated administratively by respondent Traffic Violations Bureau (hereinafter the TVB), which is a series of administrative tribunals formed and operated by respondent New York State Department of Motor Vehicles (hereinafter the DMV). Although TVB offices held approximately 850,000 hearings in 2019, the COVID-19 pandemic resulted in the cancellation of nearly 150,000 hearings in 2020. In order to mitigate the delays caused by the pandemic, the TVB began to hold partially virtual hearings, which allowed ticketing officers to appear virtually over the telephone while motorists continued to appear in person to contest their citations. After having marked success with this hybrid approach and receiving federal funding to expand the videoconferencing technology, the DMV subsequently decided to move to fully virtual hearings beginning in February 2021, mandating all contested traffic violation hearings at one office location to be entirely virtual, with the plan to implement the virtual hearings requirement in all TVB offices by April 2021.
Following such announcement, petitioner Association of Motor Vehicle Trial Attorneys, Inc., a not-for-profit attorney trade association with over 50 member law firms and solo practitioners, and two motorists contesting their traffic infractions who were subject to mandatory virtual hearings, commenced this combined CPLR article 78 proceeding and declaratory judgment action against respondents, challenging the legality of the DMV's changes to the TVB policy and seeking a declaration that the practice of mandating virtual hearings was unlawful. Respondents answered and simultaneously moved to dismiss the petition/complaint for, among other things, failure to state a cause of action. In June 2021, while that motion was pending, respondents made a policy change, resuming in-person TVB hearings with the option for motorists and their representatives to appear remotely. Respondents contended that petitioners' legal challenges were rendered moot by the policy change, which contention was opposed by petitioners on several grounds — including that respondents could freely reverse their decision and reinstate the mandatory virtual hearings. Supreme Court determined that the substantive issues before it had not been rendered moot by the policy change, but ultimately denied the petition/complaint, holding that the TVB's virtual hearings did not violate petitioners' due process rights or the State Administrative Procedure Act's rulemaking requirements. Petitioners appeal.
We agree with respondents that [*2]this matter was rendered moot by the policy change in June 2021. Indeed, "[i]t is well settled that a court's jurisdiction extends only to live controversies and, thus, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the order" (State of New York v Alfa Laval Inc., 213 AD3d 1171, 1172 n [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Coleman v Daines, 19 NY3d 1087, 1090 [2012]). Given that the policy at issue is no longer in effect, the rights of the parties are not "directly affected by the determination of the appeal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of Medical Professionals for Informed Consent v Bassett, 220 AD3d 1157, 1157 [4th Dept 2023]; Matter of Brown v City of Schenectady, 209 AD3d 128, 132 [3d Dept 2022]; Matter of Pharaohs GC, Inc. v New York State Liq. Auth., 197 AD3d 1010, 1011 [4th Dept 2021]).
As for petitioners' various arguments as to why we should nevertheless address the merits of their challenges, we are unpersuaded that an exception to the mootness doctrine applies (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]). Although the lawfulness of an agency's policy and guidance interpreting and implementing its regulations "as part of the extraordinary response to the COVID-19 pandemic is substantial and novel" (Matter of Sportsmen's Tavern LLC v New York State Liq. Auth., 195 AD3d 1557, 1558 [4th Dept 2021]), it is unlikely to recur given the unprecedented nature of the pandemic (see Matter of Supreme Ct. Justices Assn. of the City of N.Y., Inc. v Administrative Bd. of the N.Y. State Unified Ct. Sys., 209 AD3d 1178, 1180 [3d Dept 2022]; Matter of Lasko v Board of Educ. of the Watkins Glen Cent. Sch. Dist., 200 AD3d 1260, 1262 [3d Dept 2021]; Matter of Pharaohs GC, Inc. v New York State Liq. Auth., 197 AD3d at 1011). Nor would it evade review in the courts, as each litigant contesting their traffic citation before the TVB maintains their ability to assert challenges similar to those raised here as it relates to virtual hearings or remote testimony (see Matter of Sportsmen's Tavern LLC v New York State Liq. Auth., 195 AD3d at 1559; see generally Matter of State of New York v Robert F., 25 NY3d 448, 453 [2015]; People v Wrotten, 14 NY3d 33, 37-38 [2009], cert denied 560 US 959 [2010]; Ciccone v One W. 64th St., Inc., 69 Misc 3d 585, 592 [Sup Ct, NY County 2020, Lebovits, J.]). As the issues raised by the petition/complaint are moot and the circumstances do not warrant application of the exception to the mootness doctrine, we dismiss petitioners' appeal (see Matter of Lasko v Board of Educ. of the Watkins Glen Cent. Sch. Dist., 200 AD3d at 1262; Owner Operator Ind. Drivers Assn., Inc. v Karas, 188 AD3d 1313, 1316 [3d Dept 2020]).
Garry, P.J., Lynch, Ceresia and Powers[*3], JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.