Matter of Scotti v Scotti (2025 NY Slip Op 01375)

Matter of Scotti v Scotti

2025 NY Slip Op 01375

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-08555
 (Index No. 59185/23)

[*1]In the Matter of Gavin Scotti, etc., appellant,
v
Margery Scotti, respondent.

DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Scott M. Salant of counsel), for appellant.
In a proceeding, inter alia, pursuant to CPLR 2304 to quash a subpoena, the petitioner appeals from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated July 6, 2023. The order, insofar as appealed from, denied those branches of the petition which were to quash certain portions of the subpoena.

DECISION & ORDER
Motion by the respondent, inter alia, to dismiss the appeal on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated August 2, 2024, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In a postjudgment matrimonial action filed in the State of Connecticut, the respondent obtained from the Superior Court, State of Connecticut (hereinafter the Connecticut court), a commission for service of a subpoena for testimony and documents, upon the petitioner, in New York. After the petitioner commenced this proceeding, inter alia, pursuant to CPLR 2304 to quash the subpoena served upon him, the Connecticut court issued an order effectively canceling the subpoena. Since it is undisputed that the subpoena the petitioner sought to quash is no longer effective, any determination by this Court with respect to this proceeding will not directly affect the rights of the parties and would merely be advisory (see Coleman v Daines, 19 NY3d 1087, 1090; Matter of Morley v Suffolk County Traffic & Parking Violations Agency, 218 AD3d 472, 473). In addition, the matter does not warrant invoking the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Matter of Morley v Suffolk County Traffic & Parking Violations Agency, 218 AD3d at 473). Accordingly, we dismiss the appeal as academic.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court