Matter of Santoro v Meyers (2025 NY Slip Op 01440)

Matter of Santoro v Meyers

2025 NY Slip Op 01440

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

9 CAF 23-00502

[*1]IN THE MATTER OF JOHN N. SANTORO, PETITIONER-APPELLANT,
v
TONYA M. MEYERS, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 

BENJAMIN L. NELSON, UTICA, FOR PETITIONER-APPELLANT.
THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-RESPONDENT. 
SHARON P. O'HANLON, SYRACUSE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered February 1, 2023, in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals, in appeal No. 1, from an order which dismissed his petition without prejudice based upon his refusal to be produced from prison and appear for trial. In appeal No. 2, the father appeals from a subsequent order which denied the father's pro se motion to vacate the order of dismissal and reinstate his petition. Following entry of the orders in appeal Nos. 1 and 2, the father refiled the petition, and a hearing on the new petition is presently pending in Family Court.
Contrary to the father's contentions, these appeals have been rendered moot by virtue of the father refiling the petition. It is well settled that "[t]he jurisdiction of this Court extends only to live controversies . . . [, and w]e are thus prohibited from giving advisory opinions or ruling on academic, hypothetical, moot, or otherwise abstract questions" (Matter of Medical Professionals for Informed Consent v Bassett, 220 AD3d 1157, 1158 [4th Dept 2023] [internal quotation marks omitted]; see Matter of Sportsmen's Tavern LLC v New York State Liq. Auth., 195 AD3d 1557, 1558 [4th Dept 2021]). As a result, courts are generally "precluded 'from considering questions which, although once live, have become moot by passage of time or change in circumstances' " (City of New York v Maul, 14 NY3d 499, 507 [2010], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). "[A]n appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Maul, 14 NY3d at 507; Medical Professionals for Informed Consent, 220 AD3d at 1158).
Here, if successful, the father would be entitled to have his prior petition reinstated. However, the father is presently proceeding under a new petition that seeks identical relief as the petition that was dismissed. Thus, the father has already obtained any relief to which he would be entitled on these appeals by refiling the same petition (see generally Matter of Smith v Visker, 153 AD3d 1656, 1657 [4th Dept 2017]; Matter of Farrington v Annucci, 125 AD3d 1513, 1514 [4th Dept 2015]), and inasmuch as our decision will have no immediate or practical consequences to the parties (see Coleman, 19 NY3d at 1090), our decision in this case would be entirely academic.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court