Matter of New York State Police v Kingsley (2026 NY Slip Op 01668)

Matter of New York State Police v Kingsley

2026 NY Slip Op 01668

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND HANNAH, JJ.

130 CA 25-00443

[*1]IN THE MATTER OF NEW YORK STATE POLICE, PETITIONER-APPELLANT,
vDAVID J. KINGSLEY, II, RESPONDENT-RESPONDENT. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH COCO OF COUNSEL), FOR PETITIONER-APPELLANT. 
FRESHFIELDS US LLP, WASHINGTON, DC (JENNIFER B. LOEB OF COUNSEL), FOR BRADY CENTER TO PREVENT GUN VIOLENCE AND GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE, AMICI CURIAE. 

 Appeal from an order of the Supreme Court, Jefferson County (William F. Ramseier, J.), entered February 6, 2025. The order denied petitioner's application for a final extreme risk protection order. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs and the order is vacated.
Memorandum: In this proceeding pursuant to the Extreme Risk Protection Act (see CPLR article 63-A), petitioner appeals from an order denying its application for a final extreme risk protection order (ERPO) against respondent, a former correction officer who participated in the fatal beating of an incarcerated individual at Marcy Correctional Facility. According to petitioner, Supreme Court erred in determining that petitioner failed to prove by clear and convincing evidence that respondent was "likely to engage in conduct that would result in serious harm to [respondent] or others, as defined in [Mental Hygiene Law § 9.39 (a) (1) or (2)]" (CPLR 6343 [2]), a prerequisite for the granting of an ERPO. If granted, the ERPO would have required respondent to surrender all firearms, rifles, and shotguns in his possession for a maximum of one year (see CPLR 6343 [3] [b], [c]).
While this appeal was pending, respondent was convicted of murder in the second degree and another felony for the fatal beating of the incarcerated individual. Respondent was later sentenced to an aggregate term of 25 years to life in prison. As a convicted felon, respondent is prohibited from possessing any firearms, rifles, and shotguns regardless of whether we reverse or affirm the order from which petitioner appeals (see Penal Law § 400.00 [1] [c]). Under the circumstances, we conclude that this appeal is moot and no exception to the mootness doctrine applies (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Finally, to prevent the unreviewable order " 'from spawning any legal consequences or precedent,' " we vacate the order (Matter of Thrall v CNY Centro, Inc., 89 AD3d 1449, 1451 [4th Dept 2011], lv dismissed 19 NY3d 898 [2012], quoting Hearst Corp., 50 NY2d at 718; see Matter of Hensley v Williamsville Cent. Sch. Dist., 206 AD3d 1655, 1657 [4th Dept 2022]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court